UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
PAUL BULTMEYER,                )
            Petitioner,        )
                               )        Civil Action No. 13-40028-RWZ
      v.                       )
                               )
WARDEN JEFF GRONDOLSKY         )
            Respondent.        )
_____)
```

MEMORANDUM AND ORDER

ZOBEL, D. J.

On March 12, 2013, Petitioner Paul Bultmeyer ("Bultmeyer"), a federal prisoner in custody at FMC Devens in Ayer, Massachusetts, filed a self-prepared petition for a writ of habeas corpus under 28 U.S.C. § 2241 with a supporting exhibits.[1]  The petition has not been served pending the Court's review thereof.  *See* 28 U.S.C. § 2243 (if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted").

BACKGROUND

I.      The Underlying Criminal Case

On May 19, 2010, Bultmeyer, a 71 year-old attorney, pled guilty in the United States District Court for the District of New Jersey, to a one-count Information charging

---

[1]Bultmeyer also sent a copy of the $5.00 check to be sent to the Court from the Treasurer's Office at FMC Devens.  Subsequently, this Court received the $5.00 filing fee.  The case initially was assigned to Magistrate Judge Boal.  On March 13, 2013, Magistrate Judge Boal issued an Electronic Order directing the Clerk to reassign the action to a District Judge for further proceedings.

him with conspiring with others to commit wire fraud, in violation of 18 U.S.C. § 1349.
See United States v. Bultmeyer, Criminal No. 2:10-cr-00356-JLL-1 (D. N.J.).  The plea
was entered pursuant to a plea agreement, in which Bultmeyer waived appeal rights.
On March 18, 2011, he was sentenced to 60 months imprisonment, three years
supervised release, and restitution in the amount of $8,606,413.36.  See Judgment
(Docket No. 28).

The underlying factual background is summarized briefly as follows.  Bultmeyer
partnered with co-Defendant Arthur Piacentini ("Piacentini") to operate Ameripay, LLC, a
payroll company located in Rochelle Park, New Jersey. That company handled payroll
and tax withholding services for many private companies and public entities throughout
New Jersey, and was entrusted by its clients with millions of dollars to make payroll and
to pay federal and state taxes.  Bultmeyer and Piacentini misappropriated and diverted
over $10 million in funds entrusted to them by clients.  The SEC started conducting an
investigation, and when Bultmeyer learned of this investigation, he promptly accepted
responsibility.

After sentencing, on November 30, 2011, Bultmeyer filed an appeal, raising three
issues: (1) whether the district court erred in fixing the loss amount attributable to him in
calculating the sentencing guideline offense level;[2] (2) whether the district court erred in
enhancing his offense level by two levels for abuse of trust under Sentencing Guideline
§ 3B.1.3; and (3) whether the district court erred in failing to consider critical sentencing

---

[2]The Government characterized the issue as whether Bultmeyer, by virtue of
stipulations in his plea agreement, waived the right to challenge the district court's
calculation of the loss amount.

factors under 18 U.S.C. § 3553.  United States v. Bultmeyer, No. 11-1861 (3d Cir. 2011).

On May 22, 2012, the United States Court of Appeals for the Third Circuit ("Third Circuit") affirmed Bultmeyer's conviction and sentence.  See United States v. Bultmeyer, 483 Fed. Appx. 750, 2012 WL 1854118 (3d Cir. 2012).      In affirming, the Third Circuit upheld the sentencing court's loss calculation amount on the grounds that enforcement of Bultmeyer's appellate waiver contained in the plea agreement would not result in a miscarriage of justice notwithstanding that the parties arguably orally agreed that they could challenge the Presentence Report loss calculation and could offer evidence at the sentencing hearing.  Id. at 753, 2012 WL 1854118 at *2.

Next, with respect to the conclusion that Bultmeyer was in a position of trust under U.S.S.G. § 3B1.3, after a de novo review, the Third Circuit held that event though Bultmeyer was not an owner of Ameripay LLC (he had sold his ownership interest), did not manage the day-to-day operations or have access to the company's books, he still was in a position of trust with Ameripay LLC's clients, and was responsible for the transactions going to the heart of the fraud.  Additionally, the Court found that Bultmeyer was the principal owner of another company, Sherbourne Entities, and used his position in that company to solicit investors in order to funnel money to Ameripay LLC.  Id.

Further, with respect to Bultmeyer's challenges to the reasonableness of his sentence, the Court rejected his claim that his sentence was procedurally unreasonable because the sentencing court did not balance properly the § 3553(a) factors.  The Court also rejected Bultmeyer's argument that the weight the sentencing court gave to the § 3553(a) factors was not substantively reasonable.  The Court found, after review of

3

the record, that the sentencing court had thoroughly considered the arguments from both partes, noting particularly that the district court granted a downward departure based on Bultmeyer's mitigating factors, all the while recognizing that he was "involved in the fraud for a number of years and the losses to clients were staggering."  Id. at 754, 2012 WL 1854118 at *3.

Finally, the Court rejected Bultmeyer's argument that the sentencing court did not adequately consider sentencing disparities under § 3553(a)(6) because his co-Defendant was sentenced only to 30 months.  The Court noted that the disparity did not demonstrate an abuse of discretion where the sentencing court considered all relevant factors before sentencing.

II.     The Instant Habeas Petition

In the instant § 2241 petition (filed using a template form), Bultmeyer challenges the constitutionality of his guilty plea, the plea agreement, and his sentence.  He states that he did not pursue any further appeals because his attorney advised him to file a collateral attack instead.  In response to the question whether he had filed a motion to vacate, modify or correct sentence pursuant to 28 U.S.C. § 2255, Bultmeyer stated that he did not file such a motion because he was challenging the validity of his conviction and sentence through the instant § 2241 habeas petition.  See Pet. (Docket No. 1 at ¶ 10).  He contends that the remedy under § 2255 is inadequate or ineffective to challenge his conviction and sentence "[b]ecause of the numerous violations of my constitutional rights by my attorney, US Prosecutor and the Court in the Prosecution of my case.  I believe the most expeditious vehicle for addressing these issues is a petition under 28 USC Sec 2241."  Id. at ¶ 10(c).

4

Bultmeyer raises six grounds in the petition: (1) the plea agreement was extracted through systemic judicial intimidation and coercion, in violation of his constitutional rights, resulting in a conviction of a crime he did not commit, in that, he was forced, under duress, to give up his Sixth Amendment right to a jury trial due to the coercive effect of U.S.S.G. § 3E1.1.  He contends that had he risked an adverse jury verdict, he would have received a sentence at least 40% longer than pleading guilty to a crime he did not commit; (2) the sentencing court committed clear error by erroneously calculating the loss amount under U.S.S.G. § 2B1.1 because: (a) it used actual rather than intended loss in determining the loss amount; (b) it failed to apply the value of victim collateral; (c) it erroneously applied professional fees; and (d) it failed to establish loss amount as of the date of the government intervention, as required by law; (3) the sentencing court committed plain error in adding a sentence offense level enhancement for abuse of trust, where the factual bases for the two-level enhancement was not contained in the plea agreement's factual stipulations, not found by a jury, and supported only by unproven allegations contained in the Presentence Report; (4) the sentencing court abused its discretion because of the sentencing disparity between the Petitioner and his co-Defendant (who received only a 30-month sentence despite the fact that he was the principal and sole perpetrator of the fraud, and while Petitioner was only a minor observer); (5) the sentencing judge failed to recuse himself as required by 28 U.S.C. § 455 because he was, as a resident and taxpayer of one of the municipalities defrauded, a victim with a personal financial interest in the fraud;[3] and (6)

---

[3]Bultmeyer claims he did not appeal this ground because of advise of counsel.

he was deprived of effective assistance of counsel because his attorney's performance fell below the objective standard of reasonableness because: (a) he failed to evaluate Petitioner's conduct as it related to the Information, thereby resulting in Petitioner's guilty plea to a crime he did not commit; (b) he failed to request an evidentiary hearing on the loss amount and abuse of trust; and (c) he failed to object to the sentencing court's calculation of loss and the material misrepresentations contained in the Presentence Report.[4]

As relief, Bultmeyer requests that his plea agreement, guilty plea, and sentence be vacated and that the Bureau of Prisons be ordered to release him immediately from its custody. He further seeks to have his case remanded to the U.S. District Court in Newark, New Jersey and assigned to a different judge.

DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). It is well settled that a prisoner must pursue a collateral attack pursuant to § 2255 before the sentencing court rather than through a § 2241 habeas petition in the district in which he is incarcerated.[5] United States v. Barrett, 178 F.3d 34,

---

[4]Bultmeyer claims that he previously did not raise grounds one and six because of lack of knowledge.

[5]While both provisions of § 2241 and § 2255 authorize challenges to the legality of a prisoner's continued federal custody, "[i]t is well established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (comparing § 2241 and § 2254 habeas challenges), citing Edmond v.

50 n.10 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); see Rogers v. United

States, 180 F.3d 349, 357 n.15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000)

(motion under § 2255 is the "exclusive remedy in the sentencing court for any errors

occurring at or prior to sentencing, including construction of the sentence itself.");

Gonzalez v. United States, 150 F. Supp. 2d 236, 241 (D. Mass. 2001).   Section 2255

relief is available when a petitioner demonstrates that his sentence "(1) was imposed in

violation of the Constitution, or (2) was otherwise subject to collateral attack."   Moreno-

Morales v. United States, 334 F.3d 140, 148 (1st Cir. 2003) (citing Davis v. United

States, 134 F.3d 470 (1st Cir. 1988)).

     A federal prisoner cannot challenge the legality of his sentence through an

application for a writ of habeas corpus under 28 U.S.C. § 2241 unless it appears that a

§ 2255 motion is "inadequate or ineffective to test the legality of his detention."   28

U.S.C. § 2255(e); see also Barrett, 178 F.3d at 38 (explaining that a federal prisoner

"cannot evade the restrictions of § 2255 by resorting to the habeas statute, 28 U.S.C.

§ 2241, or the All Writs Act, 28 U.S.C. § 1651), cert. denied, 528 U.S. 1176 (2000).

     Under the "savings clause" of § 2255:

─────────────────────

United States, 520 U.S. 651, 657 (1997); Preiser v. Rodriguez, 411 U.S. 475, 488-489
(1973).  The rationale behind this is that under general circumstances, the use of a §
2241 petition rather than a § 2255 motion would serve to circumvent Congress's intent
to restrict the availability of second and successive petitions and/or the time limitations
for filing a § 2255 motion.  Coady, 251 F.3d at 484-485.  Moreover, § 2255 gives the
court more flexibility in fashioning a remedy than a habeas writ.  In Re Hanserd, 123
F.3d 922, 925 (6th Cir. 1997).  Another consideration is that "... inter-district comity and
practicality suggest that the original sentencing court is better positioned to reevaluate a
federal prisoner's conviction and sentence."  Id. at 925.  Section 2241 relief is available
for a prisoner seeking to challenge the execution of a federal sentence, including
computation of a sentence, disciplinary actions, prison transfers, types of detention, and
other prison conditions.  Thornton v. Sabol, 620 F. Supp. 2d 203, 206 (D. Mass. 2009).

>An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

28 U.S.C. § 2255(e).

Courts only allow recourse to the savings clause "in rare and exceptional circumstances," such as those where the restrictions on § 2255 motions would result in a "complete miscarriage of justice." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). "Most courts have required a credible allegation of actual innocence to access the savings clause." Id.; see Barrett, 178 F.3d at 52-53 (discussing availability of § 2241 where a petitioner claims "actual innocence").[6]

Here, Bultmeyer explains that he did not file a § 2255 motion because he elected to file § 2241 instead. He claims that § 2255 is inadequate or ineffective to challenge his conviction and sentence because of the constitutional violations by his attorney, the prosecutor, and the district court, and because he believes the most expeditious vehicle for addressing his claims is through a habeas petition. Notwithstanding these assertions, this Court cannot ascertain any credible reason why a motion under § 2255

---

[6] " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623–24 (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 327 (1995)). "The Supreme Court has emphasized that the actual innocence exception is very narrow, reserved for truly exceptional cases." Walker v. Russo, 506 F.3d 19, 21 (1st Cir. 2007).

would be ineffective or inadequate to challenge Bultmeyer's conviction or sentence, particularly where he does not appear to be time-barred from filing such a motion before the sentencing court, where he has presented no new facts or credible evidence, nor put forth any binding or persuasive legal authority from which this Court reasonably could conclude that § 2255 is an inadequate or ineffective remedy to test the legality of his detention.

Moreover, Bultmeyer has not raised any exceptional circumstances showing that it would be a complete miscarriage of justice if he was not permitted to bring a § 2241 petition. Most of the arguments raised by Bultmeyer in the instant petition already have been rejected in his direct appeal and therefore cannot be relitigated in a habeas petition. See Elwell v. United States, 1996 WL 516138, at *4 (1st Cir. Sept. 9, 1996) (unpublished) (noting that a petitioner is "not entitled to collateral review to relitigate issues raised on direct appeal, absent an intervening change in law" (citing Davis v. United States, 417 U.S. 333, 342 (1974))); Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994).

Finally, whatever effect that Petitioner's waiver of rights may be, the savings clause does not permit this § 2241 habeas petition based on exceptional circumstances where he has not even attempted to pursue his § 2255 remedies in the District of New Jersey or shown that a § 2255 would not be considered within a reasonable time after filing the motion.

For all of these reasons, this Court lacks jurisdiction to entertain Bultmeyer's habeas petition. See Heredia v. Grondolsky, 2012 WL 5932061 (D. Mass. Nov. 26, 2012) (stating: "[T]he Court finds that the instant case seeks Section 2255 relief through

a Section 2241 petition, and that Section 2255 is not an inadequate or ineffective remedy to test the legality of petitioner's detention.  Consequently, this Court lacks jurisdiction to consider petitioner's habeas challenges under Section 2241").  See also Owens v. Jett, 2011 WL 4860171, *3 (D. Minn. 2011) (court lacks jurisdiction over § 2241 petition unless petitioner shows that the § 2255 remedy is inadequate or ineffective).[7]

CONCLUSION

Based on the foregoing, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and this action is DISMISSED in its entirety.

SO ORDERED.

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

DATED: March 15, 2013

---

[7]Given Bultmeyer's clear intent that this action should be deemed to be a § 2241 motion, and for the reasons set forth in the Memorandum and Order, this Court declines to construe, sua sponte, this action as a § 2255 motion and transfer to the District of New Jersey.